IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-190-GCM
(3:03-cr-134-GCM-1)

| | |
|---|---|
| JAPLIN CURETON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** comes before the Court on consideration of Petitioner's Motion filed pursuant to 28 U.S.C. § 2241, and for consideration of his alternative claims for relief. For the reasons that follow, Petitioner's Section 2241 motion will be denied as will his alternative claims for relief.

## I. BACKGROUND

On October 8, 2004, Petitioner was convicted of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 & 841.[1] Petitioner was sentenced to 262-months' imprisonment. (3:03-cr-134, Doc. No. 125: Judgment in a Criminal Case at 1-2). Petitioner filed a direct appeal but it was later dismissed. United States v. Cureton, No. 04-4901 (4th Cir. June 27, 2005) (unpublished).

On May 24, 2007, Petitioner filed a pro se motion under Section 2255 challenging his criminal judgment. This motion was dismissed after the Court found that it was untimely under the provisions of 28 U.S.C. § 2255(f). (3:07-cv-213-FDW, Doc. No. 3). Petitioner filed a notice

---

[1] Prior to his entry into a plea agreement with the Government, Petitioner was served with a notice by the Government of its intention to use two prior North Carolina drug convictions to seek a sentencing enhancement. The first conviction was for the sale or delivery of cocaine, sustained in 1998, and the second conviction was possession with intent to sell or deliver cocaine, sustained in 2000. (Doc. No. 2: Notice pursuant to 21 U.S.C. § 851).

1

of appeal that was dismissed by the Fourth Circuit and the Court's disposition of the first Section 2255 was affirmed. United States v. Cureton, No. 07-6938 (4th Cir. Aug. 30, 2007) (unpublished).

On August 3, 2012, Petitioner filed a second pro se motion under Section 2255, again challenging his criminal judgment. The Court found that Petitioner had failed to secure authorization from the Fourth Circuit, as required by 28 U.S.C. § 2255(h), to present a second, or successive petition, and consequently, the Court noted that it was without jurisdiction to consider the merits of the motion. (3:12-cv-484-GCM, Doc. No. 3). The Court dismissed the second Section 2255 motion on December 29, 2012, and Petitioner did not file a direct appeal.

## II. LEGAL DISCUSSION

On March 22, 2013, Petitioner, by and through counsel, filed the present action asserting alternate claims for relief in an effort to have his sentence set aside. (3:13-cv-190). Petitioner contends that his status as a Career Offender, see USSG. § 4B1.1, is no longer supported by valid, predicate convictions, namely those State cocaine sell or deliver convictions identified in the Section 851 notice. Petitioner contends the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), entitles him to have his sentence as a Career Offender vacated and to be resentenced without consideration of the prior State drug convictions. (Doc. No. 1).

Among other reasons, Petitioner asserts that he is entitled to relief under the holding in Simmons because the Fourth Circuit, on August 17, 2011, and almost six and half years after his criminal judgment became final, has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining an appropriate sentence under the sentencing guidelines.

2

In <u>Simmons</u>, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. <u>Simmons</u>, 649 F.3d at 243 (emphasis added). In reaching this holding, the <u>Simmons</u> Court expressly overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." <u>Id.</u> (quoting <u>Harp</u>, 406 F.3d at 246) (emphasis omitted).The Fourth Circuit's en banc decision in <u>Simmons</u> was reached through the majority's interpretation of the Supreme Court's decision in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010). Namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant.

Petitioner asserts that he filed a petition on February 13, 2013, pursuant to 28 U.S.C. § 2244, seeking permission from the Fourth Circuit to file a successive Section 2255 motion on the grounds that Petitioner is "actually innocent" of the Career Offender enhancement based on the holding in the en banc decision in <u>Simmons</u>. The Fourth Circuit, however, denied Petitioner's application to file the successive motion. <u>See</u> <u>In re Cureton</u>, No. 13-127 (4th Cir. Feb. 21, 2013). In opinions filed before Petitioner filed the present action, the Fourth Circuit held that the Supreme Court's decision in <u>Carachuri-Rosendo,</u> and its en banc opinion in <u>Simmons</u> are not retroactive to cases on collateral review. <u>See</u> <u>United States v. Wheeler</u>, 487 F. App'x 103, 104 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing <u>United States v. Powell</u>, 691 F.3d 554 (4th Cir. 2012)). In <u>Powell</u>, the Fourth Circuit held that "[b]ecause the Supreme Court's decision in <u>Carachuri</u> at most altered the procedural requirements that must be followed in applying

3

recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review." Powell, 691 F.3d at 559-560. See also United States v. Walker, 486 F. App'x 372, 373 (4th Cir. filed Nov. 1, 2012) (unpublished) (holding that "Carachuri-Rosendo claims may not be raised retroactively in collateral proceedings" to "analyze the validity of his predicate offenses relied upon for career offender enhancement.").

  A. Section 2241 Habeas Petition

The Court finds that relief under Section 2241 is unavailable to Petitioner as his effort is solely focused on challenging the fairness or legality of his sentence. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

In re Jones, at 333-34.

In the present case, Petitioner does not fairly challenge the legality of his conviction, rather he challenges his sentence which he contends was based on prior North Carolina drug convictions that he asserts are no longer valid to designate him as a Career Offender under USSG. § 4B.1. As Petitioner is only challenging his sentence he has therefore failed to

demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate. Moreover, even without consideration of the prior drug convictions, Petitioner was still sentenced to a term of imprisonment within the maximum as allowed by law. See 21 U.S.C. § 841(b) (an unenhanced sentence carries a sentence of not more than 10 years nor more than life).[2]

For the foregoing reasons, Petitioner's Section 2241 motion will be denied.

B.  Coram Nobis Relief

Petitioner has pled an alternative claim for relief asking this Court to grant him a petition for a writ of *coram nobis*. Relief pursuant to a writ of *coram nobis* should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). First, Petitioner is still in custody, and second, Petitioner does not contest his conviction rather he only contests his sentence. The petition will be denied.

C.  Writ of Audita Querela

Finally, the Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 F. App'x 109, 110 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), and

---

[2] Petitioner was convicted under 21 U.S.C. § 846 & 841(a)(1). Section 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those proscribed for the offense . . ."

5

United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255). Based on the authority discussed herein, Petitioner's apparent lack of success under Section 2255 does not otherwise render the motion unavailable. This petition will be denied.

### III.  CONCLUSION

Finally, the Court notes that the Fourth Circuit, albeit in unpublished decisions, has dismissed similar arguments for relief under Section 2241, and pursuant to petition for a writ of coram nobis. See e.g. United States v. Persaud, No. 10-6866, 2013 WL 1305628 (4th Cir. Apr. 2, 2013) (unpublished). In Persaud, the petitioner argued that his prior North Carolina drug convictions were no longer felonies based on Simmons and other authority, and were therefore no longer proper, predicate convictions for use in enhancing his sentence. The district court dismissed the motion under Section 2255 as an unauthorized, successive motion. The district court denied the motion under Section 2241, and an alternate claim for relief under a theory of coram nobis. The Fourth Circuit affirmed for the reasons stated in the district court's opinion. Namely, that as petitioner was only challenging the legality of his sentence, relief pursuant to Section 2241 and through a petition for coram nobis was improper. The proper way to challenge his sentence was pursuant to a motion under Section 2255). See (3:12-cv-509-FDW, Doc. No. 6: Order filed Nov. 26, 2012).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2241 motion is **DENIED**.
2. Petitioner's petition for a writ of *coram nobis* is **DENIED**.
3. Petitioner's petition for a writ of *audita querela* is **DENIED**.

The Clerk of Court is respectfully directed to close this case.

6

Signed: April 8, 2013

Graham C. Mullen
United States District Judge